**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

KATHY WORNICKI, on behalf of herself and all others similarly situated,

        Plaintiff,

vs.

BROKERPRICEOPINION.COM, INC.;
FIRST VALUATION, LLC;
FIRST VALUATION SERVICES, LLC; and
FIRST VALUATION TECHNOLOGY, LLC,

        Defendants.

---

**CLASS ACTION COMPLAINT AND JURY DEMAND**

---

**I.  INTRODUCTION**

1.      Plaintiff Kathy Wornicki brings this class action against Brokerpriceopinion.com, Inc., First Valuation, LLC, First Valuation Services, LLC, and First Valuation Technology, LLC to recover damages and other relief available at law and in equity to remedy Brokerpriceopinion and First Valuation's breach of contract and unfair and inequitable conduct, which is detailed below.

2.      Plaintiff and proposed Class Members are or were licensed real estate professionals who performed real estate evaluations on behalf of Brokerpriceopinion.  Pursuant to their agreement, Defendants are obligated to pay real estate professionals for work they performed on their behalf within 60 days.  Defendants, however, have unlawfully refused to pay Plaintiff and other real estate professionals in accordance with these payment terms, depriving Plaintiff and proposed Class Members of funds they earned and to which Plaintiff and Class Members are rightfully entitled.

## II.  PARTIES

3.      Plaintiff Kathy Wornicki is an individual real estate salesperson licensed to sell real estate in Florida and who resides in Sumter County Florida.

4.      Defendant Brokerpriceopinion.com, Inc. ("Brokerpriceopinion") is a Colorado corporation with its principal place of business in Westminster, Colorado.

5.      Defendant First Valuation, LLC is a Colorado corporation with its principal place of business in Westminster, Colorado.

6.      Defendant First Valuation Services, LLC is a Colorado corporation with its principal place of business in Westminster, Colorado.

7.      Defendant First Valuation Technology, LLC is a Colorado corporation with its principal place of business in Westminster, Colorado.

8.      On information and belief, Defendants Brokerpriceopinion.com, Inc., First Valuation, LLC, First Valuation Services, LLC and First Valuation Technology, LLC are alter egos of each other, and a unity of interest and ownership exists between the Defendants such that any separateness has ceased to exist, there is a commingling of property rights or interests such that Defendants function as one, and Defendants have acted in concert in doing the things alleged herein.  In addition, upon information and belief, the conduct that gives rise to the claims for relief alleged herein was committed by, or on behalf of, each Defendant and harmed Plaintiff and the proposed Class.  Therefore, to avoid an unjustified loss to Plaintiff and the Class, or to avoid oppression, fraud, and inequity, recognition of Defendants' separate corporate status should be disregarded.

9.      Defendants share a common owner and founder, Walt Coats.  Defendants are all located in the same building, at 8700 Turnpike Drive, Suite 300, Westminster, CO  80031.  First Valuation is an official trade name for Brokerpriceopinion.com, Inc. and Defendant Brokerpriceopinon.com identifies itself as "a First Valuation Company."  First Valuation and

Brokerpriceopinion provide an identical contact phone number on their respective websites. First Valuation and Brokerpriceopinon also offer nearly identical services. *Compare* http://www.firstvaluation.com/broker-price-opinions/ (offering broker price opinions) (last visited November 12, 2013) and https://www.brokerpriceopinion.com/Brochure/Products/ (offering broker price opinions) (last visited November 12, 2013).

### III.  JURISDICTION AND VENUE

10.     This Court has original jurisdiction over these claims under the provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the aggregate amount in controversy for the Class exceeds $5 million exclusive of interest and costs, and Plaintiff is a citizen of a state different from Defendants.  Additionally, Defendants do business in and have their principal place of business in Westminster, Colorado, in Adams County, and Defendants have obtained the benefits of the laws of the State of Colorado.

11.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) because it is the district in which Defendants reside and transact business, and it is the locale where a substantial part of the events or omissions giving rise to the claim occurred.

### IV.  FACTUAL BACKGROUND

12.     Defendants operate the website Brokerpriceopinion.com, which provides real estate valuation data, including "industry-leading Broker Price Opinions, AVM's and Appraisals."  To provide its "industry-leading" Broker Price Opinions, Defendants advertise that they use a network of over 95,000 licensed brokers and appraisers.

13.     Licensed real estate salespeople, appraisers, and other professionals must sign up on Defendants' website.  Once they have agreed to provide Broker Price Opinions on Defendants' behalf and completed the paperwork required by Defendants, Defendants sends their licensed real estate professionals work orders.  The work orders describe the subject property to

be appraised and provide any special instructions.  For each work order performed on behalf of Defendants, Defendants agrees to pay a set amount of at least $25.00 and up to $75.00.

14.     By signing up to provide broker price opinions, licensed real estate professionals are informed that work orders are paid 60 days after they have been reviewed and approved by Defendants' quality control department and shipped to the client.  Pursuant to their payment terms, Defendants are obligated to pay their real estate professionals 60 days after submitted work orders are shipped to clients.  *See* https://www.brokerpriceopinion.com/Brochure/Network/ (last visited November 12, 2013).

15.     Upon information and belief, Defendants have refused to pay their real estate professionals in accordance with their payment terms and have retained the revenues Defendants charged clients for these services for periods longer than permitted pursuant to Defendants' payment terms.

16.     Defendants have engaged in unfair practices and breached their contractual obligations to Defendants' licensed real estate professionals by failing to pay them in accordance with Defendants' payment terms.

17.     Upon information and belief, Plaintiff alleges that her experience, described below, is representative of Defendants' disregard of the law and their contractual obligations.

18.     Online complaint websites are filled with dozens of complaints regarding real estate agents who like Plaintiff have completed work orders for Defendants and have not been paid.[1]

---

[1]*See, e.g.*,
http://www.trulia.com/voices/Agent2Agent/Doew_anyone_know_about_BrokerPriceOpinion_com_and_-233534 (last visited Nov. 18, 2013);

http://www.complaintsboard.com/complaints/brokerpriceopinioncom-westminster-colorado-c411099.html (last visited Nov. 18, 2013)

## V.  PLAINTIFF'S ALLEGATIONS

19.     Plaintiff Kathy Wornicki is a licensed real estate salesperson in Florida.  In or around April 2012, Plaintiff signed up with Defendants to provide broker price opinions, including completing all paperwork and forms required by Defendants.

20.     In or about early April 2012, Plaintiff received her first work order to perform an appraisal on Defendants' behalf.  Plaintiff completed that work order in accordance with all of Defendants' terms and conditions.

21.     Between April 2012 and January 12, 2013, Plaintiff completed approximately 29 work orders on Defendants' behalf.  For example, Plaintiff completed work orders due on the following dates:  April 5, 2012 for $35; May 3, 2012 for $25; May 23, 2012 for $35; July 10, 2012 for $50; July 10, 2012 for $50; August 18, 2012 for $25; August 23, 2012 for $25; August 24,2012 for $25; September 12, 2012 for $25; September 14, 2012 for $45; and December 21, 2012 for $75.  Defendants have not paid Plaintiff for any of these work orders.

22.     Defendants routinely failed to remit payment to Plaintiff in accordance with the contractual agreement to make payments by 60 days after the appraisal is provided to the client. As of November 12, 2013, Defendants have failed to remit payment to Plaintiff for all of the 29 work orders she performed.  On information and belief, Plaintiff is owed at least $880 for work orders she performed.

23.     Pursuant to Defendants' agreement, Plaintiff should have been paid within 60 days of each work order performed.  Since her first work order was complete on April 5, 2012, Defendants' first payment to Plaintiff was due on June 5, 2012, but she has still not been paid for providing this service.

24.     Plaintiff contacted Defendants on numerous occasions to notify Defendants of the late payments.  For example, on January 21, 2013 Plaintiff sent a payment inquiry regarding Defendants' past due payments.  Defendants responded on February 12, 2013 that they would

provide her with a date for payment in approximately a week.  On September 3, 2013, Plaintiff

sent another payment inquiry requesting payment, but did not receive a response.

25.     To-date, Defendants have not responded or paid Plaintiff for the past due

amounts.  Currently, Defendants are over 520 days past due on payments to Plaintiff for over

$880.

## VI.  CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this case as a class action pursuant to Federal Rule of Civil

Procedure 23 on behalf of a class consisting of:

> All persons and entities who have signed up with Defendants to
> provide Broker Price Opinions and who have not been paid for
> their services in accordance with Defendants' terms of payment.

Excluded from this Class are Defendants, any entity in which Defendants have a controlling

interest or which has a controlling interest in Defendants, and Defendants' legal representatives,

assignees, and successors.  Also excluded are any judges to whom this case is assigned and any

member of an assigned judge's immediate family.

27.     As set forth below, the proposed Class satisfies the requirements for a class

action.

28.     The definition of the Class is clear and members of the Class are easily

identifiable on the basis of objective information, as Defendants maintain information regarding

all persons and/or entities who are or were signed up as licensed real estate professionals

(including their email addresses), and maintains information relating to all work orders

performed by their real estate professionals.

29.     Class members can be identified using information maintained by Defendants in

the usual course of business and/or in the control of Defendants.  Class members can be notified

of the pendency of the class action through direct mailing to address lists maintained in the usual

course of business by Defendants or through email, which is the primary means of communication used by Defendants.

30.     Class members are so numerous that individual joinder is impracticable.  The precise number of Class members is unknown to Plaintiff, but it is clear that the number greatly exceeds the number for which joinder would be practicable.  Indeed, Defendants state on their website that they work with over 95,000 real estate professionals.  *See* https://www.brokerpriceopinion.com/Brochure/Network/ (last visited November 12, 2013).

31.     Common questions of law and fact predominate over the questions affecting only individual class members.  Some of the common legal and factual questions include:

        a.      Whether Defendants violated the Colorado Consumer Protection Act by engaging in unfair business acts or practices in relation to the work orders performed on Defendants' behalf;

        b.      Whether Defendants breached their contractual obligations to Plaintiff and proposed Class Members;

        c.      Whether Defendants have been unjustly enriched by withholding repayment from Plaintiff and Class Members; and

        d.      The nature and extent of relief to Plaintiff and the Class, including declaratory judgment, accounting, injunctive relief, restitution, and other remedies to which Plaintiff and the Class are entitled.

32.     Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Class Members.  The same payment terms, statutory and equitable violations are involved.  Individual questions, if any, pale in comparison to the numerous common questions that predominate.

33.     The injuries sustained by the Class Members flow in each instance from a common nucleus of operative facts.  In each case, Defendants failed to abide by their contractual

obligations, refusing to pay Defendants' network of licensed real estate professionals pursuant to Defendants' contractual terms.

34.     Class Members have been damaged by Defendants' misconduct.  Class Members have not been paid for their work performed and have therefore been deprived of the use of their funds.  Defendants, on the other hand, have unlawfully retained the funds, used them in the operation of their business, and have retained all interest and other gains earned off of the funds.

35.     Plaintiff's claims are typical of the claims of the other Class Members.  Plaintiff is a licensed real estate professional who performed appraisal work on Defendants' behalf through work orders.  Defendants have continued to earn interest on those funds, while at the same time continuing to deprive Plaintiff of her earnings.

36.      Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff is familiar with the basic facts underlying the Class Members' claims.  Plaintiff's interests do not conflict with the interests of the other Class Members that Plaintiff seeks to represent.  Plaintiff has retained counsel competent and experienced in class action litigation and contract law and intends to and will prosecute this action vigorously.

37.     Plaintiff's counsel has successfully prosecuted complex class actions, including consumer protection and breach of contract class actions.  Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Class Members.

38.     The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members.  The relief sought per individual Class Member is small given the burden and expense of individual prosecution of the potentially expensive litigation necessitated by Defendants' conduct.  Further, it would be virtually impossible for Class Members to seek redress on an individual basis.

39.     Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and to the court system.  The class action device

presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

40.     Defendants' conduct is uniform to all members of the Class.  Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## VII.  FIRST CLAIM FOR RELIEF
### (Breach of Contract – On Behalf of the Class)

41.     Plaintiff realleges the preceding paragraphs as though fully set forth herein.

42.     Pursuant to their payment terms, Defendants promised to pay Class Members for work orders performed within 60 days of providing the service to the client.

43.     Defendants have failed or refused to pay Plaintiff and Class Members for work performed in accordance with Defendants' contractual agreement.

44.     For example, Defendants are currently over 500 days past due on payments to Plaintiff for work orders totaling at least $880.

45.     Upon information and belief, Plaintiff alleges that the Class has suffered substantially the same breaches of contract.

46.     As a result of such breaches, Plaintiff and the Class have been deprived of the funds they earned for providing appraisal and broker price opinion services on Defendants' behalf.

47.     Plaintiff and Class Members have been and continue to be damaged by Defendants' breaches of contract, and have suffered damages in an amount to be determined at trial.

48.     Plaintiff and the Class are entitled to legal and equitable relief against Defendants, including damages, specific performance, rescission, an accounting, attorneys' fees, costs of suit, and other relief as appropriate.

## VIII.  SECOND CLAIM FOR RELIEF
### (Colorado Consumer Protection Act - On Behalf of the Class)

49.     Plaintiff realleges the preceding paragraphs as though fully set forth herein.

50.     Defendants have violated the provisions of the Colorado Consumer Protection Act, C.R.S. §§6-1-101, et seq., and are liable to Plaintiff and the Class.

51.     Defendants' actions constitute deceptive trade practices in that Defendants knowingly and made false or misleading statement of facts, including the date by which they would pay Plaintiff and Class Members in return for their services in violation of C.R.S. §6-1-105(l); and/or failed to disclose material information concerning their services, which was known to them at the time of the transaction, and the failure to disclose was intended to induce Plaintiff and Class Members to enter into the transactions in violation of C.R.S. §6-1-105(u).

52.     The deceptive trade practices occurred in the course of Defendants' business.

53.     The deceptive trade practice described above significantly impacts the public as actual or potential consumers.

54.     Plaintiff was an actual consumer of Defendants' services and in the course of dealings was injured as a result of the deceptive trade practices.

55.     The deceptive trade practices set forth above caused Plaintiff and the Class to suffer actual damages or losses.

56.     By reason of the foregoing, Defendants violated the Colorado Consumer Protection Act, and are liable to Plaintiff and the Class, pursuant to C.R.S. § 6-1-113.

## IX.  THIRD CLAIM FOR RELIEF
### (Unjust Enrichment – On Behalf of the Class)

57.     Plaintiff realleges the preceding paragraphs as though fully set forth herein.

58.     To the detriment of Plaintiff and members of the Class, Defendants have been, and continue to be, unjustly enriched as a result of the unlawful and/or wrongful refusal to pay

funds owed to Plaintiff and the Class.  Defendants continue to earn interest and receives other benefits from Plaintiff's and the Class' funds that have been wrongfully withheld.

59.     As between the parties, it would be unjust for Defendants to retain the benefits attained by their actions.  Accordingly, Plaintiff and members of the Class seek a full accounting and restitution of Defendants' enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

## X.  FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment – On Behalf of the Class)

60.     Plaintiff realleges the preceding paragraphs as though fully set forth herein.

61.     An actual case and controversy exists between the parties, within the meaning of 28 U.S.C. § 2201 with respect to Defendants' refusal to pay Plaintiff and Class Members for work performed in accordance with Defendants' contractual agreement.

62.     Plaintiff, on behalf of herself and all others similarly situated, are entitled to judgment declaring that the practices of Defendants are unlawful and are entitled to further relief pursuant to 28 U.S.C. § 2202.

## XI.  RELIEF REQUESTED

Plaintiff requests the Court enter judgment against Defendants as follows:

A.     Determination that this action may proceed as a class action under Federal Rule of Civil Procedure 23;

B.     Designating Plaintiff as Class Representative;

C.     Designating Plaintiff's counsel as counsel for the Class;

D.     Issuing proper notice to the Class at Defendants' expense;

E.     Declaring that Defendants breached their contract with Plaintiff and Class Members;

F.     Awarding Plaintiff and the Class all relief allowed by C.R.S. § 6-1-113;

G.      An award of actual damages, statutory damages, exemplary damages, and such

other relief as provided by the statutes and law cited herein;

H.      An award of attorneys' fees;

I.      An award of costs;

J.      Pre- and post-judgment interest on any amounts awarded; and

K.      Such other relief as the Court deems just and proper.

### XII.  JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  December 2, 2013                    Respectfully submitted,

                                           DYER & BERENS LLP


                                             /s/ Jeffrey A. Berens
                                           Jeffrey A. Berens
                                           Darby K. Kennedy
                                           DYER & BERENS LLP
                                           303 East 17th Avenue, Suite 810
                                           Denver, Colorado 80203
                                           Telephone: (303) 861-1764
                                           Facsimile: (303) 395-0393
                                           Email: jeff@dyerberens.com
                                           Email: darby@dyerberens.com

                                           *Local Counsel for Plaintiff*

                                           Beth E. Terrell
                                           Whitney B. Stark
                                           TERRELL MARSHALL DAUDT &
                                           WILLIE PLLC
                                           936 North 34th Street, Suite 300
                                           Seattle, Washington  98103-8869
                                           Telephone: (206) 816-6603
                                           Facsimile: (206) 350-3528
                                           Email: bterrell@tmdwlaw.com
                                           Email: wstark@tmdwlaw.com

Stefan Coleman
LAW OFFICES OF STEFAN COLEMAN, LLC
201 South Biscayne Boulevard, 28th Floor
Miami, Florida  33131
Telephone: (877) 333-9427
Facsimile:  (888) 498-8946
Email: law@stefancoleman.com

*Counsel for Plaintiff*