IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-03258-PAB-KMT

KATHY WORNICKI; and
EDWARD LAINE, on behalf of themselves and all others similarly situated,

        Plaintiffs,

vs.

BROKERPRICEOPINION.COM, INC.;
FIRST VALUATION, LLC;
FIRST VALUATION SERVICES, LLC;
FIRST VALUATION TECHNOLOGY, LLC; and
CARTEL ASSET MANAGEMENT, LLC.

        Defendants.

---

**[PROPOSED] JOINT CASE MANAGEMENT ORDER REGARDING CLASS CERTIFICATION DISCOVERY AND BRIEFING SCHEDULE**

---

The parties respectfully submit to the court their proposed joint case management order regarding discovery and class certification issues.

**A.  DISCOVERY**

Plaintiffs' Position:  Plaintiffs propose a 90-day period for class certification discovery from the date this Court enters a new Case Management Order.

Identification of Persons to be Deposed

    a.    Walter Coats

    b.    Michael Poole

    c.    Ashley Martin

    d.    Brandy May

    e.    One or more 30(b)(6) designees of Defendants

1.  Deadline for Interrogatories

Plaintiffs propose that any additional interrogatories be served by May 8, 2015.

2.  Deadline for Request for Production of Document and/or Admissions

Plaintiffs propose that any additional requests for production of documents be served by May 8, 2015.

Defendants' Position:  Defendants do not agree with Plaintiffs' proposal for class certification discovery.  On May 8, 2014, the Court entered its Order respecting class certification and "merits" discovery.  *See* Minute Order dated May 8, 2014 [Dkt. 43] at p. 2.  Specifically, the Court ordered that Plaintiffs shall be permitted to conduct "Phase 1" discovery respecting: (i) class certification and the merits of Plaintiffs' claims for the three-year period of time prior to the filing of Plaintiffs' Complaint, and (ii) Defendants' policies, practices and procedures for the six-year period of time prior to filing of Plaintiffs' Complaint.  *Id.*; *see also* Minute Order dated December 2, 2014 [Dkt. 57] at p. 1.  The Court established a *deadline of November 21, 2014 for the completion of all "Phase 1" discovery*.  Accordingly, all "Phase 1" discovery has been completed, or should have been completed, no later than November 21, 2014. *Id.*

The only remaining discovery to be completed is that which is excluded from Phase 1: specifically, discovery related to class certification and the merits of Plaintiffs' claims *for the period of time between December 2, 2007 and December 2, 2010*.

Defendants respectfully submit that a 90-day period of time for completion of non-Phase 1 discovery is not adequate or realistic.  Defendants believe that it will be necessary to depose both Plaintiffs and at least several additional members of the putative class in order to determine whether the requirements of Fed.R.Civ.P. 23 are satisfied.  Defendants believe that completing all of those depositions (together with the depositions anticipated by Plaintiffs) in a 90-day

period of time is unrealistic.  Defendants propose a 180-day period of time for the completion of the remaining non-Phase 1 discovery.

<u>Identification of Persons to be Deposed</u>

Defendants identify the following persons to be deposed:

    a.    Kathy Wornicki

    b.    Edward Lane

    c.    One or more additional members of the putative class

1.    <u>Deadline for Interrogatories</u>

Defendants propose that any additional interrogatories be served by May 20, 2015.

2.    <u>Deadline for Requests for Production of Documents and/or Admissions</u>

Defendants propose that any additional requests for the production of documents and/or admissions be served by May 20, 2015.

<u>Plaintiffs' Reply to Defendants' Position</u>.  Plaintiffs acknowledge that they misunderstood this Court's order, requiring them to complete class certification and merits discovery for the three-year time period preceding the date they filed their complaint.  Plaintiffs apologize for this error and respectfully request that this Court re-open discovery for class certification and merits purposes for the entire six-year period.

Plaintiffs primarily seek information regarding Defendants' policies practices and procedures for the entire six-year period.  Defendants should be able to readily provide more recent policies, practices, and procedures especially given they already will be searching for and producing the older versions.  Indeed, it is arguably more efficient to conduct a single search for all responsive materials.  In addition, given that Defendants were able to extract information about the proposed class members from a database, it would not be burdensome for Defendants to produce the entire database for the full six year period.  Thus, re-opening discovery for the entire class period would not be overly burdensome or prejudice Defendants.

Plaintiffs also seek discovery regarding Defendants' affirmative defenses for the full six year period. Defendants filed their Answer and Affirmative Defenses to Plaintiffs' Second Amended Class Action Complaint and Jury Demand on April 16, 2015, less than two weeks ago. Dkt. No. 61. In their Answer, Defendants pled twenty-one affirmative defenses. Many of these defenses may affect issues relating to class certification. For example, Defendants maintain that Plaintiffs' damages are barred by the doctrine of "novation" or "amendment" but fail to set forth any specific facts supporting this defense. Plaintiffs need to understand the basis of this defense to determine whether it can be manageably addressed in a class action. Defendants also assert that Plaintiffs' claims are barred under the doctrine of "consent" or "acquiescence." Again, Defendants set forth no specific facts supporting this defense. Without discovery Plaintiffs are unable to assess whether this defense raises additional common issues that can be addressed on a class-wide basis. Defendants further maintain that they are entitled to a set-off but again set forth no facts supporting this assertion. Plaintiffs need discovery to determine whether any set-off defense raises common questions and whether it can be addressed manageably through a review of Defendants' records. Therefore, Plaintiffs respectfully request that the Court re-open class certification and merits discovery to address these and other affirmative defenses, which apparently apply during the entire class period.

Plaintiffs do not believe 180 days are needed to complete discovery. Written discovery can be complete within 30–45 days and the parties seek to take a relatively small number of depositions. Plaintiffs' position is that this work can be complete within 90 days.

**B.    CLASS CERTIFICATION**

Plaintiffs' Position:  Plaintiffs propose the following briefing schedule for their motion for class certification:[1]

| Event | Deadline |
| --- | --- |
| Deadline for Plaintiffs' Motion for Class Certification | September 3, 2015 (30 days from completion of class certification discovery) |
| Deadline for Defendants' Opposition to Plaintiffs' Motion for Class Certification | September 24, 2015 (21 days from date Plaintiffs serve their Motion for Class Certification |
| Deadline for Plaintiffs' Reply Re Motion for Class Certification | October 8, 2015 (14 days from the date Defendants serve their Opposition |

Defendants' Position:  Defendants propose the following briefing schedule respecting Plaintiffs' anticipated motion for class certification:

| Event | Deadline |
| --- | --- |
| Deadline for Plaintiffs' Motion for Class Certification | December 2, 2015 (30 days from completion of remaining discovery) |
| Deadline for Defendants' Opposition to Plaintiffs' Motion for Class Certification | December 23, 2015 (21 days from date Plaintiffs serve their Motion for Class Certification) |
| Deadline for Plaintiffs' Reply Re Motion for Class Certification | January 6, 2016 (14 days from the date Defendants serve their Opposition) |

---

[1] Plaintiffs' proposed schedule assumes the Court enters a Case Management Order on May 6, 2015 and allows 90 days for class certification discovery.  In contrast, Defendants' proposed schedule permits 180 days for the completion of non-Phase 1 discovery.

RESPECTFULLY SUBMITTED AND DATED this 29th day of April, 2015.

| TERRELL MARSHALL DAUDT & WILLIE PLLC | G.W. MERRICK & ASSOCIATES, LLC |
|---|---|
| By: /s/ Beth E. Terrell<br>Beth E. Terrell<br>Michael D. Daudt<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103-8869<br>Telephone: (206) 816-6603<br>Facsimile: (206) 350-3528<br>Email: bterrell@tmdwlaw.com<br>Email: mdaudt@tmdwlaw.com | By: /s/ Glenn W. Merrick<br>Glenn W. Merrick, No. 10042<br>Joseph T. Bernstein, No. 37753<br>6300 South Syracuse Way, Suite 220<br>Centennial, Colorado 80111<br>Telephone: (303) 831-9400<br>Facsimile: (303) 771-5803<br>E-Mail: gwm@gwmerrick.com<br>E-Mail: jtb@gwmerrick.com |
| Jeffrey A. Berens<br>Darby K. Kennedy<br>DYER & BERENS LLP<br>303 East 17th Avenue, Suite 810<br>Denver, Colorado 80203<br>Telephone: (303) 861-1764<br>Facsimile: (303) 395-0393<br>Email: jeff@dyerberens.com<br>Email: darby@dyerberens.com | *Attorneys for Defendants* |
| Stefan Coleman<br>LAW OFFICES OF STEFAN COLEMAN, LLC<br>201 South Biscayne Boulevard, 28th Floor<br>Miami, Florida 33131<br>Telephone: (877) 333-9427<br>Facsimile: (888) 498-8946<br>Email: law@stefancoleman.com | |

*Attorneys for Plaintiff*

- 7 -

## [PROPOSED] ORDER

DATED this _____ day of _____, 2015.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I, Beth E. Terrell, hereby certify that on April 29, 2015, I caused the foregoing document to be electronically filed with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

DATED at Seattle, Washington, this 29th day of April, 2015.

                    TERRELL MARSHALL DAUDT & WILLIE PLLC


By: /s/ Beth E. Terrell
     Beth E. Terrell
     936 North 34th Street, Suite 300
     Seattle, Washington 98103-8869
     Telephone: (206) 816-6603
     Facsimile: (206) 350-3528
     Email: bterrell@tmdwlaw.com