IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-03258-PAB-KMT

KATHY WORNICKI; and
EDWARD LAINE, on behalf of themselves and all others similarly situated,

        Plaintiffs,

vs.

BROKERPRICEOPINION.COM, INC.;
WALTER COATS;
FIRST VALUATION, LLC;
FIRST VALUATION SERVICES, LLC;
FIRST VALUATION TECHNOLOGY, LLC;
VALUTECH, INC.; and
CARTEL ASSET MANAGEMENT, LLC.

        Defendants.

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES AND LITIGATION COSTS**

Class Counsel respectfully submit this memorandum in support of their motion for an award of attorneys' fees and costs. Class Counsel move this Court for an award of attorneys' fees and costs in the amount of $500,000, which amounts to 32% of the total settlement amount and reflects a .81 "negative" multiplier on Class Counsel's lodestar.

## I. D.C.COLO.LCIVR. 7.1(A) CERTIFICATION

The undersigned certifies that prior to filing this Motion, Jennifer Murray, counsel for Plaintiffs, conferred with Joseph T. Bernstein, counsel for Defendants on October 2, 2017. Mr. Bernstein stated that Defendants do not oppose the motion because it is consistent with the settlement agreement preliminarily approved by the Court. Mr. Bernstein further stated that if the Settlement is not ultimately approved, Defendants reserve the right to contest both the entitlement to fees, and the amount, at that time.

## II. INTRODUCTION

The Court has preliminarily approved a proposed class action settlement ("Settlement") between Plaintiffs Kathy Wornicki and Edward Laine, individually and on behalf of all others similarly situated, and Defendants. The Settlement is an excellent result for the Settlement Class; it requires Defendants to pay $1,571,676 for the benefit of approximately 24,353 Settlement Class members. Settlement Class members have until October 31, 2017 to submit claim forms, object, or opt out of the Class. As of October 2, 2017, the Settlement Administrator has received claims from 2,369 Settlement Class members. Only two Class members have opted out of the Settlement, and none have objected to it. Each person who submits a valid claim will receive a proportional share of $1,020,000. The amount of each share will be determined by dividing

$1,020,000 by the total amount Defendants owe all claimants and then multiplying that number by the amount Defendants owed the individual claimant as of the date of preliminary approval.

In addition to the cash payments, the Settlement requires Defendants to pay all brokers within ninety days of completing a broker price opinion. If Defendants fail to make any payment due under the Settlement and do not cure within thirty days, the Settlement and class release are null and void. To ensure Defendants comply with the terms of the injunction, the Settlement requires Defendants to (1) prepare a standard form agreement with uniform payment terms for all brokers, (2) train their employees to make full and timely payments within ninety days, (3) refrain from using scripts, standardized emails or other communications to delay payment, and (4) maintain a $240,000 cash reserve to be used to timely pay brokers.

The Settlement is the result of the efforts of experienced and knowledgeable Class Counsel; efforts taken at great financial risk. Class Counsel have dedicated over 2,085 hours to prosecuting this action and have incurred over $34,000 in litigation costs. Far from seeking a windfall profit, Class Counsel request an amount — $500,000 inclusive of costs paid in installments over forty-seven months — that is less than their $619,891.50 lodestar. Despite its clear value to the Class, Class Counsel do not seek to monetize, nor recover as fees a percentage of, the value of the injunctive relief. The requested fee and cost award is reasonable under the circumstances of the case, including the high number of hours Class Counsel dedicated to the case at reasonable rates and the excellent result they achieved for the Class in the face of serious litigation risk.

Class Counsel also respectfully request that the Court grant service awards of $5,000 each to Plaintiffs Wornicki and Laine. The requested service awards are reasonable and in line

with the Tenth Circuit's requirements for approval. For these reasons, Class Counsel's motion should be granted.

## III. ARGUMENT

### A. Class Counsel's requested fee of $500,000 inclusive of costs, is reasonable.

The Tenth Circuit recently confirmed the valuable role that class actions play in society, "both as deterrents to unlawful behavior—particularly when the individual injuries are too small to justify the time and expense of litigation—and as private law enforcement regimes that free public sector resources." *In re Motor Fuel Temperature Sales Practices Litig.*, --- F.3d ---, slip op. at p. 49 (10th Cir. Sept. 21, 2017) (quotation and internal marks omitted) (opinion attached as Ex. A to the Declaration of Jennifer Rust Murray ("Murray Decl.")). To "encourage these positive social effects, class counsel must be adequately compensated…." *Id.*

Attorneys who represent a class and aid in the creation of a settlement fund are entitled to compensation from the settlement fund for their services. *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1444 (10th Cir. 1995); *Gottlieb v. Barry*, 43 F.3d 474, 482 (10th Cir. 1994); *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988). "The customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class." *Lucken Family Ltd. P'ship, LLP v. Ultra Res., Inc.*, No. 09-cv-01543-REB-KMT, 2010 WL 5387559, at *5 (D. Colo. Dec. 22, 2010) (citing cases); *McNeely v. Nat'l Mobile Health Care, LLC*, No. CIV-07-933-M, 2008 WL 4816510 (W.D. Okla. Oct. 27, 2008) ("Fees in the range of at least one-third of the common fund are awarded in class action cases…."); *Childs v. Unified Life Ins. Co.*, No. 10-CV-23-PJC, 2011 WL 6016486, at *15 (N.D. Okla. Dec. 2, 2011) (same). Fees within the range of 20–50% are "presumptively reasonable."

*Shaw v. Interthinx, Inc.*, No. CIV 13-1229-REB, 2015 WL 1867861, at *6 (D. Colo. Apr. 22, 2015).

In determining whether a requested fee is reasonable, courts must consider the following twelve factors set forth in the Fifth Circuit case, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson,* 488 F.2d at 717–719; *Rosenbaum*, 64 F.3d at 1445, n. 3; *Gottlieb*, 43 F.3d at 482 n. 4. Although the *Johnson* factors permit a cross-check to the fees awarded by the percentage of recovery, the factors were developed in the context of statutory fee-shifting cases and "rarely are all the *Johnson* factors applicable," particularly in a common fund settlement. *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993); *Brown*, 838 F.2d at 456.[1] Thus, in common fund cases where it is determined that the recovery was highly contingent and the efforts of counsel were instrumental in realizing a recovery, the "results obtained" factor is particularly important and may be elevated above others in determining a reasonable fee. *See id.*; *Lucken*, 2010 WL 5387559, at *3. Here, all relevant factors support Class Counsel's requested fee.

1. <u>The time and labor involved justify the requested fee.</u>

Class Counsel spent over four years and over 2,085 hours prosecuting this litigation. *See* Murray Decl. ¶ 7; Declaration of Jeffrey A. Berens ("Berens Decl.") ¶ 4; Declaration of Stefan Coleman ("Coleman Decl.") ¶ 4. During this time, Class Counsel thoroughly investigated and tested Plaintiffs' claims, briefing multiple substantive motions, propounding nine sets of written discovery requests, and taking seven depositions. Murray Decl. ¶ 14. Defendants produced thousands of pages of documents, which Class Counsel reviewed and analyzed. *Id.* Class Counsel consulted with a database expert who provided important information regarding Defendants' computer systems and accounting procedures. *Id.* The information Class Counsel obtained during discovery was vital to their motion for class certification.

Plaintiffs and their counsel dedicated substantial time and resources to understanding the relationships between various entities and individuals that played a role in Defendants' business and tracing Defendants' revenue and business assets so that they could fully assess whether Defendants had money to pay their brokers and whether there was any chance of holding any of the corporate officers or predecessor companies liable under an alter ego theory. Murray Decl. ¶ 15. This fact gathering was not easy, requiring Plaintiffs to retain a forensic accountant to assist them and to take multiple depositions. *Id.*

Class Counsel also effectively navigated the legal issues involved in this case. Plaintiffs defeated multiple motions to dismiss and successfully moved for leave to amend the complaint to add Defendants and claims necessary to pierce the corporate veil and obtain relief for Class

---

[1] Factors (4) the preclusion of other employment by the attorney due to acceptance of the case, (7) time limitations imposed by the client or the circumstances, and (11) the nature and length of the professional relationship with the client do not apply and will not be addressed by Plaintiff.

members. Murray Decl. ¶ 16. Class Counsel submitted two briefs in support of their motion for class certification, successfully certifying breach of contract, unjust enrichment, and fraudulent inducement claims. *Id.*

Negotiating the Settlement also took time and resources. The parties participated in a settlement conference with Magistrate Judge Boyd N. Boland (Ret.) of Judicial Arbiter Group, Inc. on December 6, 2016. Murray Decl. ¶ 17. Following the conference, Plaintiffs insisted that Defendants provide complete financial information that would allow them to assess Defendants' financial health. *Id.* The parties continued to negotiate, crafting a Settlement that provides cash compensation and prospective relief for Class members and a payment plan that permits Defendants to remain in business. *Id.* Class Counsel will continue to spend time on the case, drafting necessary motions, fielding calls from Class members, and overseeing the Settlement and implementation of the prospective relief. *Id.*

Courts throughout the country, including in this Circuit and District, typically apply multipliers ranging between two to five times lodestar to compensate counsel for the high risk of contingent representation in complex class actions. *See, e.g., In re Miniscribe Corp.*, 309 F.3d 1234, 1245 (10th Cir. 2002) (affirming fee award based on a lodestar multiplier of 2.57); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) (listing twenty-three settlements with multipliers averaging 3.21), *cert denied*, 123 S. Ct. 536 (2002); *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 549 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990) ("Most lodestar multiples awarded in cases like this [i.e., complex cases where the risk of establishing liability is great] are between 3 and 4.") (collecting cases).

Here, Class Counsel do not request a multiplier. Instead, they request $500,000, which is approximately 81% of their $619,891.50 total lodestar and reflects a *negative* multiplier of 0.81. Class Counsel dedicated 2,085 hours to prosecuting this litigation—hours reasonable and necessary to prosecute Plaintiffs' claims. Murray Decl. ¶ 7; Berens Decl. ¶ 4; Coleman Decl. ¶ 4. At hourly rates adjusted to conform to the market rate for legal services in the District of Colorado, Class Counsel have a lodestar of 619,891.50. *See* Murray Decl. ¶¶ 7–33 (detailing the tasks completed during the litigation and the experience of the timekeepers); Berens Decl. ¶¶ 4–5; Coleman Decl. ¶¶ 4–5.

Class Counsel's requested $500,000 fee is reasonable. *Shaw*, 2015 WL 1867861, at *8 ("The requested $2 million fee award represents a lodestar multiplier of 1.37 which is significantly lower than lodestar multipliers that Colorado federal courts and other courts consistently have approved in other class action cases.") (collecting cases); *In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1271 (D. Kan. 2006) (finding multiplier of 1.18 "to be imminently reasonable based on the risks associated with counsel taking on this case"); *In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02351-PAB-KLM, 2014 WL 4670886, at *4 (D. Colo. Sept. 18, 2014) (finding the requested fee creating a lodestar multiple of 1.23 was "well below what courts in this District typically award in collective actions"); *Lucas v. Kmart Corp.*, No. 99-cv-01923-JLK-CBS, 2006 WL 2729260, at *9 (D. Colo. July 27, 2006) (finding lodestar multiplier of 1.87 in the cross-check analysis was reasonable). Accordingly, this factor favors approving the requested fee.

> 2. The difficulty of the questions and the results obtained weigh in favor of the requested fee award.

The second and eighth *Johnson* factors, the novelty and difficulty of the issues and the results obtained, also favor granting Class Counsel's requested attorneys' fees. This case presents unique factual and legal issues. Defendants vehemently maintain that they intend to pay, and eventually do pay, all their brokers. However, Defendants maintain that they do not always have the funds to do so. Interpreting Defendants' financial documents, investigating the relationships between and among the various Defendants, and analyzing Defendants' accounting data required substantial effort and expertise. Class Counsel also faced legal hurdles. Defendants assert they lack assets to pay brokers and satisfy a judgment. To recover on behalf of the Class, Plaintiffs would have to pierce the corporate veil, which is notoriously difficult under Colorado law. Even if they managed to pierce the veil, they still would have had to collect a judgment from the individual Defendants, which also is not easy. Several years ago, Class Counsel tried a class case to a jury, obtained a multi-million-dollar verdict on behalf of the class, and then spent years and hundreds of hours filing claims in bankruptcy and garnishing wages to eventually recover pennies on the dollar from the individual defendants and successor entities. Murray Decl. ¶ 41.

After analyzing these risks, Class Counsel negotiated a Settlement that allows Class members to recover a portion of their damages and ensures that Class members are timely paid in full going forward. Each Settlement Class member who files a claim will receive a pro rata share of $1,020,000. To date, 2,369 Class members have submitted claims. Murray Decl. ¶ 43. The amount each Class member will receive will depend upon the total number of claims submitted. Each Class member will receive a percentage of the total amount Defendants owe him or her.

The Settlement was possible only because both Plaintiffs and Class Counsel were willing to be paid on a payment plan over the course of four years. The payment plan ensures that Defendants stay solvent so they can satisfy their payment obligations under the Settlement. Class Counsel was instrumental in obtaining the excellent result on behalf of the Class, dedicating numerous hours to negotiating, crafting, and documenting the Settlement Agreement and preliminary approval papers. Murray Decl. ¶¶ 17. Accordingly, this factor should be given greater weight. *See Brown*, 838 F.2d at 456 (finding the "results obtained" factor may be given greater weight in a common fund case where the court determines that the recovery "was highly contingent and the efforts of counsel were instrumental in realizing recovery on behalf of the class").

3. <u>The skill required to perform the legal services properly weighs in favor of the requested fee award.</u>

"Class Counsel's ability to handle Class litigation properly, as well as Class Counsel's experience, reputation and abilities, are additional *Johnson* factors that should be considered in the determination of an attorneys' fee award." *Droegemueller v. Petroleum Dev. Corp.*, Nos. 07-cv-1362-JLK-CBS, 07-cv-2508, 2009 WL 961539, at *3 (D. Colo. Apr. 7, 2009). Class Counsel are experienced class action litigators, who have litigated a wide range of class actions, including wage and hour, consumer, and securities cases. *See* Murray Decl. ¶¶ 6–34; Berens Decl. ¶ 5; Coleman Decl. ¶ 5–6. Class Counsel also have commercial litigation experience. *See* Murray Decl. ¶¶ 8–9. This broad experience makes them particularly well-suited to litigate a case like this, which involves breach of contract, unjust enrichment, fraudulent inducement, and veil-piercing claims routinely litigated in the commercial arena. Class Counsel used their extensive class action experience to marshal the facts necessary to certify the Class and drew upon their

commercial litigation experience to ensure that the Class would eventually recover. As a result of Class Counsel's diligence and expertise, a fair settlement was achieved. This factor strongly favors settlement approval.

4. <u>Customary fees for similar work support the requested fee award.</u>

The percentage method of awarding fees in class actions is designed to "closely match[] the methodology actually employed in the marketplace" where attorneys typically negotiate percentage fee arrangements with their clients. *Gottlieb*, 43 F.3d at 484. The prevailing market rate for contingent representation throughout the United States is 30–40%. *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1341 (S.D. Fla. 2007). Here, Class Counsel seek 32% of the total recovery for the Class, which is at the lower end of the prevailing market rate range. Class Counsel's requested fee also is in line with fees awarded in similar cases. *See* Section III.A, *supra*. This factor supports the requested fee.

5. <u>The contingent nature of the fee arrangement supports the requested fee.</u>

"[I]n a contingent fee action there is little incentive for attorneys to 'churn' a file, that is to work more hours than necessary to accomplish a favorable result." *Been v. O.K. Indus., Inc.*, 2011 WL 4478766, at *7 (E.D. Okla. Aug. 16, 2011). Thus, when evaluating a fee request, courts consider whether class counsel took the case on a contingent fee basis. *See Droegemueller*, 2009 WL 961539, at *3 (finding "prearranged fee arrangement" *Johnson* factor satisfied where class counsel took case on a contingent basis and requested one-third of the net recovery obtained on behalf of the clients).

Here, Class Counsel undertook the litigation on a contingent-fee basis. Murray Decl. ¶ 35. From the outset, Class Counsel knew they would be embarking on potentially expensive

and lengthy litigation, which would possible require the investment of, at the very least, hundreds of hours of attorney time and the significant outlay of expenses with no guarantee that they would ever be compensated. *Id.* This factor favors approving the requested fee.

      6.   <u>The undesirability of the case supports the requested fee award.</u>

In cases such as this one, where counsel face significant financial risk which many attorneys would be unwilling or unable to take on, the "undesireability of the case" factor is particularly significant. *See In re Qwest Comm'cns Int'l, Inc. Sec. Litig.*, 625 F. Supp. 2d 1133, 1149 (D. Colo. 2009). Although this is not a securities case that would require counsel to pay potentially hundreds of thousands of dollars in up-front litigation costs, the costs were not insubstantial. For example, Class Counsel consulted with two experts during the litigation, one of which submitted a declaration in support of class certification. Murray Decl. ¶ 14–15. Class Counsel have incurred over $34,000 in out-of-pocket litigation expenses. *See, e.g.*, Murray Decl. ¶¶ 36–39. Had the case not settled, Class Counsel would have incurred thousands of additional dollars preparing for trial. *Id.* Class Counsel's financial risk was exacerbated by the financial status of Defendants, which could have resulted in no recovery for the Class or Class Counsel even if they prevailed on the merits. For all these reasons, this factor favors approval of the requested fee.

   **B.**   **The requested service awards should be approved.**

Modest service or "incentive" awards compensating named plaintiffs for work done on behalf of the Class attempt to account for financial or reputational risks associated with litigation, and promote the public policy of encouraging individual plaintiffs to undertake the responsibility of representative lawsuits. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948,

958-959 (9th Cir. 2009); *Pilego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 131 (D. Colo. 2016) (approving $7,500 award in reversionary settlement where $178,928.84 payment would compensate the class). Incentive awards are generally approved so long as the awards are reasonable and do not undermine the adequacy of the class representatives. *See Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163 (9th Cir. 2013) (finding incentive award must not "corrupt the settlement by undermining the adequacy of the class representatives and class counsel").

Here, Class Counsel ask the Court to award service payments to the Class Representatives in an amount not exceed $5,000 each. These awards compensate the Class Representatives for their time and effort in stepping forward to serve as proposed class representatives, assisting in the investigation, responding to discovery, keeping abreast of the litigation, and communicating with Class Counsel on an ongoing basis regarding the progress of the litigation, settlement efforts, and settlement terms. *See* Murray Decl. ¶ 42.

The requested awards are reasonable under the circumstances, and well in line with awards approved by courts in this district and elsewhere. *See, e.g., Pilego*, 313 F.R.D. at 131–132 (approving $7,500 incentive awards and collecting decisions approving awards ranging from $7,500–$50,000). In light of Plaintiffs' effort and the risk they undertook to obtain a meaningful result for the Settlement Class, Class Counsel request that the Court approve incentive awards that do not exceed $5,000 each for Ms. Wornicki and Mr. Laine.

**IV. CONCLUSION**

For all these reasons, Class Counsel respectfully request the Court grant this motion and award (1) reasonable attorneys' fees of $500,000, which represents approximately 32% of the

common fund and 81% of Class Counsel's lodestar; and (2) incentive awards of $5,000 each for Ms. Wornicki and Mr. Laine.

RESPECTFULLY SUBMITTED AND DATED this 3rd day of October, 2017.

TERRELL MARSHALL LAW GROUP PLLC


By:   /s/ Jennifer Rust Murray
     Beth E. Terrell
     Jennifer Rust Murray
     936 North 34th Street, Suite 300
     Seattle, Washington 98103-8869
     Telephone: (206) 816-6603
     Facsimile: (206) 319-5450
     Email: bterrell@terrellmarshall.com
     Email: jmurray@terrellmarshall.com

     Jeffrey A. Berens
     BERENS LAW LLC
     2373 Central Park Boulevard, Suite 100
     Denver, Colorado 80238-2300
     Telephone: (303) 861-1764
     Facsimile: (303) 395-0393
     Email: jeff@jberenslaw.com

     Stefan Coleman
     LAW OFFICES OF STEFAN
       COLEMAN, LLC
     201 South Biscayne Boulevard, 28th Floor
     Miami, Florida 33131
     Telephone: (877) 333-9427
     Facsimile: (888) 498-8946
     Email: law@stefancoleman.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I, Jennifer Rust Murray, hereby certify that on October 3, 2017, I caused the foregoing document to be electronically filed with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to the following e-mail addresses denoted on the Court's Electronic Mail Notice List:

> Glenn W. Merrick
> Joseph T. Bernstein
> G.W. MERRICK & ASSOCIATES, LLC
> 6300 South Syracuse Way, Suite 220
> Centennial, Colorado 80111
> Telephone: (303) 831-9400
> Facsimile: (303) 771-5803
> Email: gwm@gwmerrick.com
> Email: jtb@gwmerrick.com

*Attorneys for Defendants*

DATED at Seattle, Washington, this 3rd day of October, 2017.

TERRELL MARSHALL LAW GROUP PLLC


By: /s/ Jennifer Rust Murray
Jennifer Rust Murray
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: jmurray@terrellmarshall.com

*Attorneys for Plaintiffs*